# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK A. BALLARD,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>    Respondent. | Case No. 1:22-cv-00130-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANT RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 2, 8) |

Petitioner Kirk A. Ballard is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that Petitioner's motion for temporary restraining order be denied and Respondent's motion to dismiss be granted.

**I.**

**DISCUSSION**

On February 1, 2022, Petitioner filed a habeas petition and motion for temporary restraining order on the grounds that the conditions at the United States Penitentiary in Atwater, California ("USP Atwater") place Petitioner at unconstitutional risk of contracting COVID-19. (ECF Nos. 1, 2). On March 4, 2022, Respondent filed a motion to dismiss the petition for lack of jurisdiction and failure to exhaust administrative remedies. (ECF No. 8). Petitioner has not filed

1

any opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

### A. Federal Habeas Corpus Jurisdiction

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

Here, Petitioner seeks immediate release from custody due to the spread of COVID-19 at USP Atwater. (ECF No. 1 at 1, 9).[1] Although numerous prisoners have attempted to obtain habeas-based release from confinement since the commencement of the pandemic, the Ninth Circuit has yet to resolve the issue of whether claims that COVID-19 creates unconstitutional conditions of confinement are cognizable in habeas. See Roman v. Wolf, 977 F.3d 935, 941–42 (9th Cir. 2020) (per curiam). In the absence of Ninth Circuit precedent, multiple district courts within the Ninth Circuit have determined that such claims are not cognizable in habeas despite the remedy being sought is release from confinement. See, e.g., Luna v. Engleman, No. 2:22-cv-02627-JWH (GJS), 2022 WL 1211911, at *3–5 (C.D. Cal. Apr. 25, 2022) (describing claim "based on the BOP's asserted failure to provide adequate social distancing measures, adequate testing, its adherence to a herd immunity policy, and its failure to adhere to mask and vaccine mandates and CDC guidelines" as "a classic conditions-of-confinement claim that does not implicate the fact or duration of Petitioner's confinement"); Castro v. Lepe, No. 1:20-cv-01365-SAB, 2020 WL 8619964, at *1 (E.D. Cal. Nov. 5, 2020), report and recommendation adopted, No. 1:20-cv-01365-DAD-SAB, 2021 WL 1516394 (E.D. Cal. Apr. 16, 2021); Carranza v. Koehn, No. 2:20-cv-01586-GMN-DJA, 2020 WL 6119515, at *5 (D. Nev. Oct. 16, 2020)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

("Considering the precedent governing the general scope of habeas corpus jurisdiction, the court agrees with defendant that this does not appear to be a habeas case. If Plaintiffs succeed in showing that the conditions under which they are held violate the Fifth Amendment by putting them in excessive danger from COVID-19, or because they have received inadequate medical care in relation to COVID-19, that will not necessarily mean they must be released from detention."); Wilson v. Ponce, 465 F. Supp. 3d 1037, 1047–49 (C.D. Cal. 2020); Alvarez v. Larose, 445 F. Supp. 3d 861, 866–67 (S.D. Cal. 2020). The Court notes, however, that there are some cases in which district courts have found § 2241 jurisdiction to exist when the petitioners' COVID-19 claims challenge "the fact and duration of their confinement on the basis that no set of conditions of confinement under the present circumstances could be constitutional." Torres v. Milusnic, 472 F. Supp. 3d 713, 726 (C.D. Cal. 2020).

The Court agrees with the weight of authority in this Circuit and finds more persuasive the district court cases concluding that habeas jurisdiction is not available for prisoner COVID-19 conditions of confinement cases. Cf. Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

Moreover, Petitioner's allegations are too generalized and conclusory to support his claim of unconstitutional conditions of confinement. Petitioner does not allege any facts regarding the BOP's response to the pandemic, such as the actual conditions, policies, or practices in place at USP Atwater, much less how those circumstances create a substantial risk that Petitioner will suffer serious harm based on his particular characteristics or situation. Petitioner's general allegations of "the closed prison environment" and contagiousness of COVID-19 are not sufficient to state a colorable claim that Petitioner's continued incarceration poses an unconstitutional risk of harm that warrants release.

///

Based on the foregoing, the undersigned finds that Petitioner's claim is not cognizable under 28 U.S.C. § 2241 and the petition should be dismissed.[2]

**B.  Conversion to Bivens Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). See Fiorito v. Entzel, 829 F. App'x 192, 194 (9th Cir. 2020) (applying Nettles to determine whether district court should have converted § 2241 petition to a Bivens civil rights complaint).

The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (*e.g.*, the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388). Due to these differences and the disadvantages that recharacterization may have, the undersigned finds that it would be inappropriate to convert the habeas petition to a Bivens action. The Court notes that the filing fee for civil cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).

**C.  Motion for Temporary Restraining Order**

"A preliminary injunction is an extraordinary remedy never awarded as of right."[3] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to

---

[2] In light of this conclusion, the Court need not address Respondent's argument that dismissal is warranted based on Petitioner's failure to exhaust administrative remedies.

[3] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

4

take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 576 U.S. 863, 876 (2015) (internal quotation marks omitted) (quoting Winter, 555 U.S. at 20). "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

As set forth in section I(A), *supra*, this Court does not have jurisdiction over Petitioner's claim pursuant to 28 U.S.C. §2241. Accordingly, the motion for temporary restraining order should be denied.

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion for temporary restraining order (ECF No. 2) be DENIED;
2. Respondent's motion to dismiss (ECF No. 8) be GRANTED; and
3. The petition for writ of habeas corpus be dismissed.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 12, 2022**                         /s/ *Erica P. Grosjean*
                                                  UNITED STATES MAGISTRATE JUDGE