UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK A. BALLARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　　Respondent. | **No. 1:22-cv-00130-JLT-EPG-HC**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE**<br><br>**(Doc. Nos. 2, 8, 10)** |

　　　Petitioner Kirk A. Ballard is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　On May 12, 2022, the magistrate judge issued findings and recommendations recommending that Petitioner's motion for a temporary restraining order be denied, Respondent's motion to dismiss be granted, and the petition for writ of habeas corpus be dismissed for failure to state a cognizable federal habeas claim. (Doc. No. 10.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. To date, no objections have been filed, and the time for doing so has passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 12, 2022 (Doc. No. 10) are **ADOPTED IN FULL**.
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is **DENIED**.
3. Respondent's motion to dismiss (Doc. No. 8) is **GRANTED**.
4. The petition for writ of habeas corpus is **DISMISSED**.
5. The Clerk of Court is directed to **CLOSE THE CASE.**
6. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 11, 2022**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE